1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10    ELBERT JEFFERY,

11          Plaintiff,                    CIV S-05-2306 DFL EFB

12        vs.

13    YELLOW TRANSPORTATION,
      INC.,                               ORDER
14
            Defendant.
15    _____/

16        This action was before the undersigned on March 21, 2007, for hearing on defendant's

17    motion for a protective order.  *See* E.D. Cal. L.R. 72-302(c)(1).  Steven Moore appeared as

18    counsel for defendant; John M. Reistenberg appeared as counsel for plaintiff.

19        The underlying action concerns plaintiff's allegations of race-based employment

20    discrimination, brought under 42 U.S.C. § 1981.  Plaintiff alleges that defendant supported or

21    condoned racial discrimination directed at plaintiff while plaintiff was employed as a

22    dockworker at defendant's facility in Tracy, California.

23        Defendant seeks a protective order to prohibit plaintiff from disclosing several categories

24    of allegedly confidential documents beyond the prosecution and defense of the present case.

25        First, defendant refers to a case previously filed in this district, *Singh v. Yellow*

26    *Transportation, Inc.*, No. Civ. S-05-0521 MCE DAD, in which plaintiff's counsel represented

1

1  the plaintiff and defense counsel's firm – together with other firms –  represented defendant.  In

2  the *Singh* case, the parties entered into a stipulated protective order which allowed them to

3  designate various documents as "confidential."  By the terms of that order, confidential materials

4  were to be "used only for the purpose of the prosecution, defense or settlement of [that] action

5  and for no other purpose."

6       Defendant now seeks continued protection of documents previously designated

7  "confidential" in the *Singh* case.  Plaintiff opposes any such continued protection.  Defendant

8  cites no authority as to why documents previously designated confidential in the *Singh* case

9  should retain that designation in the present case, to the extent they become relevant and subject

10 to disclosure.  Furthermore, to the extent plaintiff seeks continued protection of "confidential"

11 information that was disclosed as an exhibit to a dispositive motion in the *Singh* case, such

12 information is now a matter of public record.  Defendant must show compelling reasons why

13 such documents should retain their protection.  *See Phillips v. General Motors Corp.*, 307 F.3d

14 1206, 1213 (9th Cir. 2002) (where a sealed document is attached to a dispositive motion granted

15 by the court, as part of the record supporting the judgment, the document must be open to

16 public); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135-36 (9th Cir. 2003) (once

17 sealed discovery documents are made part of a dispositive motion, they no longer enjoy

18 protected status without some overriding interest dictating that they be kept under seal);

19 *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (compelling

20 reasons must be shown to seal judicial records attached to a dispositive motion).  Incidentally, it

21 does not appear that any exhibits in the *Singh* case were filed under seal pursuant to Local Rule

22 39-141.  Thus, the *Singh* case documents – which were merely protected by a blanket, stipulated

23 protective order – appear to enjoy even less protection than if they had been filed under seal.

24     At the hearing, defendant conceded that "confidential" exhibits to dispositive motions are

25 public record, but urged the court to enter an order protecting (or limiting the use of) documents

26 previously designated "confidential" in the *Singh* case that were not attached to motions or

1   otherwise filed with the court.

2       As a general matter, the party seeking a protective order must make a clear showing of a

3   particular and specific need for the order.  *Blakenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th

4   Cir. 1975).  "Broad allegations of harm, unsubstantiated by specific examples or articulated

5   reasoning do not satisfy the Rule 26(c) test." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d

6   1122, 1130 (9th Cir. 2003).  "For good cause to exist, the party seeking protection bears the

7   burden of showing specific prejudice or harm will result if no protective order is granted." *Keith*

8   *H. v. Long Beach Unified Sch. Dist.*, 228 F.R.D. 652, 659 (C.D. Cal. 2005) (quoting *Phillips*, 307

9   F.3d at 1210-11).

10      Defendant has failed to meet its burden under this standard.  Defendant has not identified

11  specific documents from the *Singh* case that it seeks to protect, nor has it articulated sufficient

12  reasons to justify an order conferring blanket protection on such documents.  At the hearing,

13  defendant cited general privacy concerns in this "age of identity theft" with regard to disclosure

14  of its employees' unlisted addresses and telephone numbers.  This reasoning – that disclosure of

15  unlisted telephone numbers in the context of discovery would lead to identity theft – is

16  speculative at best.  Accordingly, the court finds that defendant has failed to meet its burden of

17  showing good cause to justify a blanket protective order regarding documents previously

18  designated confidential in the *Singh* case.  To the extent defendant wishes to obtain a protective

19  order concerning specific documents, it may do so, but must satisfy the standards set forth

20  above.[1]

21      Defendant also seeks a blanket protective order designating as "confidential" defendant's

22  personnel records, trade secrets, customer information, and other confidential commercial

23  ////

24  ////

25
        _____

26      [1] The court notes that the looming March 26, 2007, discovery deadline may preclude such
    relief.

3

1  information.[2]  Defendant then proposes some rather lengthy procedures for protecting such

2  information and limiting its dissemination beyond the context of the present case.  For example,

3  defendant suggests a process by which a party may object to a designation of confidentiality.

4  This process includes standard meet and confer requirements and filing of motions in case of a

5  disagreement regarding a particular designation.  Again, the court notes that the discovery

6  deadline in this action is March 26, 2007.  The proposed procedures are therefore impractical.

7  Moreover, defendant again fails to make the required "good cause" showing with regard to the

8  proposed categories of documents and information.  In fact, defendant does not identify any

9  trade secrets, customer information, or other confidential commercial information that would be

10  relevant to this employment discrimination action.  Further, defendant's concerns regarding

11  personnel records are identical to those discussed above concerning the *Singh* case documents.

12  Accordingly, defendant's motion for entry of a protective order as to these documents is denied.

13       The court does recognize that plaintiff's resistence to a protective order in this case

14  appears, in large part, to stem from difficulties he encountered in filing confidential documents

15  as exhibits in the *Singh* case.  The court likewise recognizes defendant's concern for its

16  employees' privacy.  Thus, notwithstanding the denial of defendant's motion, the court imposes

17  the following limitation on disclosure of documents and information relating to defendant's

18  personnel records.  To the extent defendant produces documents containing or relating to its

19  employees' personnel records, plaintiff is hereby ordered not to disclose or use such documents

20  beyond the context of the present litigation.

21       IT IS SO ORDERED.

22  DATED:  March 22, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[2] Defendant also offers to designate as confidential plaintiff's tax returns and medical
26  records.

4